UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John Dennis,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| Wachovia Securities, LLC<br>　　　Defendant. | )<br>)<br>) |

CIV. NO. **05  11270 GAO**

**VERIFIED COMPLAINT AND MOTION TO VACATE**
**ARBITRATION AWARD**

SUMMONS ISSUED___1____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK.___M.P.___
DATE____6/17/05____

MAGISTRATE JUDGE ___JGD___

1.　Plaintiff, John Dennis ("Claimant"), resides at 27 R. F. Higgins Drive,
　　Norwell, Massachusetts 02161.

2.　Defendant, Wachovia Securities, LLC ("Respondent"), has a place of business
　　at 901 E. Byrd St., Riverfront Plaza, Richmond, Virginia 23219.

3.　The matter herein in controversy exceeds the sum or value of $75,000,
　　exclusive of interest and costs.

4.　On or about March 21, 2005 and continuing until January 22, 2005, Claimant,
　　Respondent and Mr. Michael A. Ewanouski engaged in an arbitration under
　　the auspices of the National Association of Securities Dealers, Inc.  A copy of
　　Claimant's claim is attached hereto as Exhibit 3.

5.　The decision of the Arbitrators in favor of Respondent is attached hereto as
　　Exhibit 1.

6.　Claimant opened up his account at Wachovia's predecessor and Mr.
　　Ewanouski, an employee of Respondent, testified that the document

1

introduced at the hearing as Claimants Exhibit 2 was prepared on his behalf. It is attached hereto as Exhibit 2.

7.   Exhibit 2 sets forth Claimant's investment objective as "growth (quality emphasis)."

8.   Claimant and Mr. Ewanouski, his broker at Respondent, differ on what Mr. Dennis indicated his objectives were. They both, however, acknowledge Exhibit 2 and the investment objective set forth therein.

9.   The rules of the National Association of Securities Dealers, Inc. state that Respondent Wachovia is required to follow the rules of the association. Rule 2310 in part states:

> "(a) In recommending to a customer the purchase, sale or exchange of any security, a member shall have reasonable grounds for believing that the recommendation is suitable for such customer upon the basis of the facts, if any, disclosed by such customer as to his other security holdings and as to his financial situation and needs."

10.  For violation thereof claimant is entitled to damages.

11.  The NASD rules also prohibit unauthorized trades and while Mr. Dennis testified that Wachovia's employee traded for his account without permission, the employee testified that he did have permission and the arbitrators could have found the employees testimony more credible.

[the remainder of this page is blank]

2

12.   Claimant sets forth in his statement of claim (attached hereto as Exhibit 3)
      that Respondent recommended and purchased during the period September
      20, 1999 to and including April 4, 2002 the following securities which he
      claims were unsuitable:

| Security | Loss |
| --- | --- |
| Ask Jeeves, Inc. | $6,428.13 |
| ELOT, Inc | $16,687.50 |
| EntreMed | $11,212.50 |
| Focus Enhancements | $3,033.44 |
| H Power | $4,315.00 |
| IXL Enterprises | $10,389.99 |
| Intasys Corp. | $19,257.81 |
| VA Linux Systems, Inc | $38,372.50 |
| SLI, Inc. | $2,343.75 |
| Intellidata | $20,860.59 |

Or a total of $132,891.21

13.   Claimant did not introduce evidence on Ask Jeeves, Inc, Focus Enhancements
      and IXL leaving total losses proved of $113,039.65.

14.   Claimant's chalks showing his investment holdings on 9/20/99, 12/31/99,
      6/30/00, 12/30/00, 6/30/01 and 4/4/02 , which were admitted as demonstrative
      evidence are attached as Exhibit 4.

15.   Claimant's expert John Kattar testified as to his qualifications and to the
      methodology to determine whether the stocks were appropriate investments
      for Claimant:

      "Q—Please tell us your educational background after high
      school.
      A—I have—I graduated from the University of
      Massachusetts with a bachelor of arts degree and then went
      on to get a masters in electrical engineering, also from the
      same institution.

Q—When did you, forgive me for interrupting, when did you get your bachelor's degree?

A—1978.

Q—And what was your major course of study?

A—It was in classical languages.

Q—And your masters?

A—First masters was in electrical engineering and I believe that was in 1982 and MBA—Masters in Business Administration was from the University of Chicago. And that was in 1988.

Q—Did you graduate from any of these institutions with honors?

A—Ah Yes, all of them.

\* \* \*

Q—Ah, Please give us a brief employment history after you received your MBA?

A—I worked for 9 years at Baring Asset Management as a an analyst and portfolio manager.

Q—Where was that?

A—In Boston.

\* \* \*

A—I was responsible for managing money mostly for large pension plans, some individuals, and half domestic and half international clients

Q—And you left Baring Asset Management, why did you leave?

A—Better job, more money—went to work for Phoenix Investment Partners which is a mutual fund, mostly mutual fund money manager, in Hartford, Connecticut and there headed up the investment team and was there for 2 years.

Q—And did you leave?

A—Yes.

Q—Why did you leave?

A—Again left for a better opportunity but more so for personal reasons. I needed to return to the Boston area for personal reasons.

Q—And with whom did you work?

A—I was then employed at the Boston Company Asset Management for 2 ½ years as head of their equity group.

Q—And what were your duties there?

A—Uh, I managed a group of about 30 investment professionals and we managed about 15 B{M?}illion Dollars. So I had administrative responsibilities as well as investment management responsibilities.

Q—With respect---Did you leave that job?

A—Sort of , I actually went to the parent company of the Boston Company which is Mellon Financial and worked there for an additional 9 months as head of institutional growth equity division and my job was actually financial, to do the business planning for and start up of a separate subsidiary. It was called {unintelligible} Advisors

Q—And after that what did you?

A—After that I spent about2 ½ years running my own company which was a an asset management company and also a consulting company. The consulting that I did was for other asset managers in the Boston area among them was Eastern Bank, my current employer.

Q—And for whom did you manage assets when you had your own firm?

A—All individuals it was all high net worth

Q—So you are in a position to determine suitability of
investments for those high net worth individuals?

A—yes,

Q—And then you said you went to work for Eastern Bank.
Can you tell us what you do?

A—I head up the investment team at Eastern Investment
Advisers. This is a division of Eastern Bank, which is the
largest remaining bank in Boston, based in Boston. We
manage $1.2 Billion, mostly for individuals. About 20% of
our business is for charitable organizations and small
institutions.

Q—So would you be in a position to determine suitability
of investments for individuals?

A—Yes.

* * *

Q—Have you examined the needs of Claimant, Mr.
Dennis?

A—Yes.

* * *

A. . . I am a chartered financial analyst and I, aside from
my other responsibilities, I am vice chairman of the
investment committee for the endowment of the University
of Massachusetts

* * *

What criteria, you asked, I used to determine suitability. I
was specifically asked to evaluate certain stocks as to their
speculative nature and the criteria that I used to evaluate
that were some of the following. I looked at financial
strength. That would include things like the nature of the
balance sheet, assets versus liabilities, cash, the amount of
debt on the balance sheet, cash burn rate, cash flow, book

value, dividends, the size of the company as, all else being
equal, bigger companies tend to be less speculative; debt
rating if available, inclusion in the market indexes (a
companies included in a major index generally tend to be
less speculative) I also look at valuation, price-earnings
ratios, price to book, and price value. To the extent that I
know something about the management or the prospects for
a company, I include that in the evaluation. So, the
companies that are better managed are less speculative
{unintelligible}. And finally I look at the operating history
of the company and its growth rate, so specifically what I
look at is earnings growth and revenue growth and the idea
there would be that companies, which have been more
stable and have better operating history, would be less
speculative. Some companies which have exhibited a
pattern of growth and profit over a period of time would be
more stable and less speculative."

16.    Mr. Kattar then testified as to the suitability Mr. Dennis's investments to his
       needs.

17.    ELOT, Inc.

"I don't have any information on it"

18.    On information and belief the only possible inference is that this was a stock
       of little visibility, folded and therefore inappropriate.

19.    Entremed

"I call this speculative and inappropriate"

20.    H Power

"a company that no longer exists"

7

21.    On information and belief the only possible inference is that this was a stock of little visibility, folded and therefore inappropriate.

22.    Intasys

"speculative and inappropriate for most portfolios and certainly this one"

23.    VA Linux Systems

"I would say it is speculative and inappropriate for most portfolios and certainly this one."

24.    SLI, Inc.

"I could nor find anything on it {unintelligible}"

25.    On information and belief the only possible inference is that this was a stock of little visibility, folded and therefore inappropriate.

26.    Intellidata

"I don't have any information"

27.    On information and belief the only possible inference is that this was a stock of little visibility, folded and therefore inappropriate.

28.    There is a great concentration of these stocks in the portfolio of Mr. Dennis's retirement account as shown on Exhibit 4.

29.    Respondent did not have an expert testify that the above stocks were suitable for his account; there is therefore no evidence to rebut the expert testimony of Mr.. Kattar.

30.    Respondent's employee, also a respondent in the arbitration merely testified that the above stocks were "growth stocks."

31.   Mr. Ward, Respondent's counsel, accepted Mr. Kattar as an expert:
      Respondents' counsel : "I'm not going to object to his testimony, but I think
      that you ought to give it the weight it deserves based on my cross-
      examination."

      Panelist: "I give you the opportunity as to whether you were going to let him
      in or you were going to fight him."

32.   The fact that there is no expert testimony to rebut Mr. Kattar's testimony
      which means Claimant's expert's testimony is the *only* evidence of suitability
      and the arbitrators did not take account of this.

33.   The decision of the arbitrators, as between Claimant and Respondent, was
      therefore contrary to the facts and law to the extent that the arbitrators
      exceeded their powers and so imperfectly executed their powers that a mutual
      final and definite award upon the subject matter was not made.

      WHEREFORE, Claimant moves this court that the award dated March 23 and 28,
2005 should be vacated pursuant to 9 U. S. C. § 10 and the matter should be referred for a
new arbitration.

                                    The plaintiff JOHN DENNIS,
                                    by his attorneys,
                                    LYNE, WOODWORTH & EVARTS LLP


                                    Edmund Polubinski, Jr., of counsel
                                    BBO #402640
                                    Federal Reserve Plaza
                                    600 Atlantic Avenue
                                    Boston, MA 02210
                                    (617) 523-6655

Dated: June 16, 2005

9

VERIFICATION

I, John Dennis, hereby state that I have read the foregoing complaint, am familiar with the contents thereof, and state that the facts therein are true to the best of my knowledge and belief by my own personal knowledge and by my observation.

Signed under pains of perjury this 16th day of June , 2005.

_____
John Dennis

Exhibit 1



# Award
## NASD Dispute Resolution

In the Matter of the Arbitration Between:

John Dennis IRA (Claimant) v. Wachovia Securities, LLC and Michael Ewanouski
(Respondents)

Case Number: 04-00361                                      Hearing Site: Boston, Massachusetts

Nature of the Dispute: Customer vs. Member and Associated Person.

## REPRESENTATION OF PARTIES

Claimant John Dennis IRA ("Dennis") hereinafter referred to as "Claimant": Edmund
Polubinski, Jr., Esq., Richard and Tyler, LLP, Boston, MA. Previously represented by: Edmund
Polubinski, Jr., Esq., Zimble & Brettler, LLP, Boston, MA.

Respondents Wachovia Securities, LLC ("Wachovia") and Michael Ewanouski ("Ewanouski")
hereinafter collectively referred to as "Respondents": David L. Ward, Esq., Michaels & Ward,
LLP, Boston, MA.

## CASE INFORMATION

Statement of Claim filed on or about: January 16, 2004.
Claimant signed the Uniform Submission Agreement: January 8, 2004.

Joint Statement of Answer filed by Respondents on or about: April 9, 2004.
Respondent Wachovia signed the Uniform Submission Agreement: April 19, 2004.
Respondent Ewanouski signed the Uniform Submission Agreement: April 25, 2004.

## CASE SUMMARY

Claimant asserted the following causes of action: unsuitability; unauthorized trading;
misrepresentations and omissions. The causes of action relate to shares of Ask Jeeves, Inc., Elot,
Inc., EntreMed, Inc., Focus Enhancements, Inc., H Power Corp., IXL Enterprises, Inc., Intasys
Corp., VA Linux Systems, Inc., and SLI, Inc.

Unless specifically admitted in their Answer, Respondents denied the allegations made in the
Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

Claimant requested compensatory damages in the amount of $132,891.21; attorneys' fees; and costs.

Respondents requested that the Panel dismiss the Statement of Claim, with prejudice; costs and expenses, including reasonable attorneys' fees, forum fees, and such further relief as the Panel may deem just and proper. Furthermore, Respondent Ewanouski requested that the Panel order the expungement of this matter from his CRD record.

## OTHER ISSUES CONSIDERED AND DECIDED

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, and the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimant's claim is dismissed in its entirety.

2. Any and all relief not specifically addressed herein including a request for expungement is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees

NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:
Initial claim filing fee                                                      = $300.00

### Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, Wachovia Securities, LLC is a party.

| | |
|---|---|
| Member surcharge | = $1,700.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $2,750.00 |

## Forum Fees and Assessments

The Panel has assessed forum fees for each session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

| One (1) Pre-hearing session with Panel @ $1,125.00 | | | = $1,125.00 |
|---|---|---|---|
| Pre-hearing conference: | June 29, 2004 | 1 session | |
| | | | |
| Four (4) Hearing sessions @ $1,125.00 | | | = $4,500.00 |
| Hearing Dates: | March 21, 2005 | 2 sessions | |
| | March 22, 2005 | 2 sessions | |
| Total Forum Fees | | | = $5,625.00 |

1. The Panel has assessed $2,812.50 of the forum fees against Claimant.
2. The Panel has assessed $2,812.50 of the forum fees jointly and severally against Respondents.

## Fee Summary

1. Claimant is solely liable for:

| | |
|---|---|
| Initial Filing Fee | = $ 300.00 |
| Forum Fees | = $2,812.50 |
| Total Fees | = $3,112.50 |
| Less payments | = $1,425.00 |
| Balance Due NASD Dispute Resolution | = $1,687.50 |

2. Respondent Wachovia is solely liable for:

| | |
|---|---|
| Member Fees | = $5,200.00 |
| Total Fees | = $5,200.00 |
| Less payments | = $5,200.00 |
| Balance Due NASD Dispute Resolution | = $    0.00 |

3. Respondents are jointly and severally liable for:

| | |
|---|---|
| Forum Fees | = $2,812.50 |
| Total Fees | = $2,812.50 |
| Less payments | = $    0.00 |
| Balance Due NASD Dispute Resolution | = $2,812.50 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

NASD Dispute Resolution
Arbitration No. 04-00361
Award    Page 4 of 4

## ARBITRATION PANEL

David J. Anderson          -          Public Arbitrator, Presiding Chairperson
Jeffrey L. Levy, Esq.       -          Public Arbitrator
Stephen M. Acerra, Jr., Esq.  -       Non-Public Arbitrator

## Concurring Arbitrators' Signatures

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law
and Rules, that I am the individual described herein and who executed this instrument which is
my award.

David J. Anderson
Public Arbitrator, Presiding Chairperson

3/28/05
Signature Date

Jeffrey L. Levy, Esq.
Public Arbitrator

Signature Date

Stephen M. Acerra, Jr., Esq.
Non-Public Arbitrator

Signature Date

March 29, 2005
Date of Service  (For NASD Dispute Resolution use only)

NASD Dispute Resolution
Arbitration No. 04-00361
Award    Page 4 of 4

## ARBITRATION PANEL

David J. Anderson          -    Public Arbitrator, Presiding Chairperson
Jeffrey L. Levy, Esq.      -    Public Arbitrator
Stephen M. Acerra, Jr., Esq.  -    Non-Public Arbitrator

## Concurring Arbitrators' Signatures

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law
and Rules, that I am the individual described herein and who executed this instrument which is
my award.


David J. Anderson                              Signature Date
Public Arbitrator, Presiding Chairperson


Jeffrey L. Levy, Esq.                          Signature Date
Public Arbitrator


Stephen M. Acerra, Jr. Esq.                    03-23-05
Non-Public Arbitrator                          Signature Date


March 29, 2005
Date of Service  (For NASD Dispute Resolution use only)

NASD Dispute Resolution
Arbitration No. 04-00361
Award   Page 4 of 4

## ARBITRATION PANEL

| David J. Anderson | - | Public Arbitrator, Presiding Chairperson |
| Jeffrey L. Levy, Esq. | - | Public Arbitrator |
| Stephen M. Acerra, Jr., Esq. | - | Non-Public Arbitrator |

## Concurring Arbitrators' Signatures

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

_____
David J. Anderson
Public Arbitrator, Presiding Chairperson

_____
Signature Date

_____
Jeffrey L. Levy, Esq.
Public Arbitrator

$3/28/05$
Signature Date

_____
Stephen M. Acerra, Jr., Esq.
Non-Public Arbitrator

_____
Signature Date

March 29, 2005
_____
Date of Service  (For NASD Dispute Resolution use only)

Exhibit 2

# New Account

**ACCOUNT #** 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

## GENERAL INFORMATION

**Title of Account:** John Dennis IRA R/O
Name

WFS As Custodian
Name

u/a 9/9/99
Name

**Mailing Address:** 29 R. F. Higgins Drive
Street

Norwell                MA            02061-1122
City                   State         Zip

*If Post Office Box or drawer used above, must provide street address*

☐ Tax I.D. or U/Social Security #
( ) 781-659-2612
Home Phone
( ) 617-725-0802  617-375-8064
Bus. Phone
( )
Other
( )
Fax 03/07/1952                              M.
Date of Birth.                           Gender

## ACCOUNT CODING (see back for codes)

**Standing Instructions**
(CSI) 4C or _____ 4C Dividends (DIV) _____
(PRIN) If mailing dividends, should principal payments be included?
☐ Yes ☒ No (If no, see reverse)
RIN = Cash Dividends (Check one) Reinvest? ☒ Yes ☐ No
(If yes, see reverse)
CSH-DV = Money Market Div: Reinvest? ☒ Yes ☐ No
(If no, see reverse)
CSH-O = Money Market Sweeps: ☐ Cash & Margin ☒ Cash Only
ACCT Category ____ DIV

Is client or immediate family member employed by Wheat or another NASD member or any other financial services company?
☒ U.S. CITIZEN                    ☒ No ☐ Yes: CLASS code _____
☐ RESIDENT ALIEN                 See back for definitions. (If YES, please complete attached and forward to Compliance.)
☐ NON-RESIDENT ALIEN    Complete if non-resident alien: Country _____ Prov. _____

If requested, does client want us to provide client's account name and address to an issuer in which we hold securities in street name? SEC Rule 14b-1 prohibits such issuer from using the name and address for any purpose other than corporate communications. ☐ Yes ☐ No
Delivery vs. Payment Accounts Only:        DTC # N/A         ID Inst. # N/A
Agent Bank # N/A            Client # N/A          FINS ID # N/A

**Investment Objectives (IO)** *check one:* (See reverse for definitions)
☐ A Income (quality emphasis)      ☐ C Growth (return emphasis)
☐ G Income (return emphasis)       ☐ E Trading & Speculation
☐ B Growth & Income (quality emphasis)   ☐ F Not Applicable
☐ D Growth & Income (return emphasis)    ☐ I High Income
☒ H Growth (quality emphasis)      ☐ J FundSource

## CLIENT PROFILE

ployer: Channel 7 EnterCom Corp           Employer Address: Boston, MA
Title/Occupation: Sportscaster Radinlaster

Spouse's Name: _____           Spouse's Employer: _____
Spouse's D.O.B. _____ Spouse's S.S. # _____ No. of Dependents _____
Other Brokerage Accounts? *(current or former)* Firm Names: _____
Related Wheat First Union Accounts (account numbers): _____

| *(check appropriate box for all three categories)* | $0-49,999 (A) | 50,000-99,999 (B) | 100,000-199,999 (C) | 200,000-499,999 (D) | 500,000-999,999 (E) | 1,000,000 Or More (F) | Refuse to Disclose (Z) |
|---|---|---|---|---|---|---|---|
| **Annual Income** *(all sources)* | X | | | | | | |
| **Net Liquid Assets** | | X | | | | | |
| **Net Worth** *(excluding residence)* | | | | | X | | |

Tax Bracket 28 %

**Investment Experience:**
Stocks _____ Yrs.
Bonds 10 Yrs.
Mutual Funds _____ Yrs.
Options 10 Yrs.
Commodities _____ Yrs.
Other _____ Yrs.

## ACCOUNT CONTROL

Will anyone else have authority over this account?  ☐ Yes ☒ No  If yes, type of POA: ☐ Full ☐ Limited ☐ Discretionary
Name: _____ Is POA investment advisor? ☐ Yes ☒ No  If yes, did you (FC) recommend POA? ☐ Yes ☐ No
Client's CPA and Firm: _____
Is FC registered in client's state of domicile? ☒ Yes ☐ No  Was initial deposit ☐ Waived? ☐ Received?  Amount $ _____
**Account Documentation:**                                      Transaction $ _____
☐ CRA-Individual   ☒ ACATS   ☐ Statement Linking - Designated Account # _____
☐ CRA-Non-Individual ☐ Option ☐ Duplicate statement / confirmation: (complete form #804)
☐ WFS-IRA   ☐ Other   ☐ DVP Agreement - Delivery and pickup instructions
                       (Complete form #0804)

## APPROVALS

FC Signature           Date           Branch Manager's Signature           Date

WHEAT FIRST UNION

Wheat First Union is a division of First Union Capital Markets Corp., a separate non-bank affiliate of First Union Corporation.

542874 (09/98) 0074

DENNIS 00004

Exhibit 3

## NASD ARBITRATION

In the Matter of the Arbitration between:

John Dennis

vs.

Wachovia Securities, LLC

and

Michael A. Ewanouski.

### Statement of Claim

Claimant, John Dennis ("Claimant") sets forth the following facts:

1.  Claimant began his involvement with Respondent, Wachovia Securities, LLC (then First Union Corporation), through Respondent Mr. Ewanouski in late 1999.

2.  He was then 46 years old.

3.  Claimant had told Mr. Ewanouski that he wanted Respondents to invest his account JOHN DENNIS IRA R/O FCC AS CUSTODIAN account 001-E701-2757-0624 ("Retirement Account") so that he would "grow his nest egg."

4.  Mr. Ewanouski, on behalf of Claimant, purchased the following securities all of which were unsuitable for Mr. Dennis's retirement account and all of which lost money as set forth below:

| Stock | Symbol | Date Bought | Shares Bought | Buying Price | Date Sold | Shares Sold | Selling Price | Net Loss |
|-------|--------|-------------|---------------|--------------|-----------|-------------|---------------|----------|
| Ask Jeeves, Inc. | ASKJ | 01/03/00 | 170 | 129 3/16 | 02/03/00 | 170 | 91 3/8 | 6,428.13 |
| Elot, Inc. | ELOT | 01/20/00 | 1000 | 8.5 | | | | |
| | | 01/20/00 | 1000 | 8.56 | 03/16/01 | 2000 | 0.19 | 16,687.50 |
| EntreMed, Inc. | ENMD | 11/06/00 | 300 | 33 7/8 | | | | |
| | | 11/07/00 | 400 | 34 1/8 | 03/16/01 | 700 | 18 | 11,212.50 |
| Focus Enhancements, Inc. | FSCE | 01/05/00 | 2150 | 8.25 | 02/03/00 | 2150 | 6 27/32 | 3,023.44 |
| H Power Corp. | HPOW | 05/18/01 | 500 | 14.98 | 07/11/01 | 500 | 6.35 | 4,315.00 |

| Stock | Symbol | Date Bought | Shares Bought | Buying Price | Date Sold | Shares Sold | Selling Price | Net Loss |
|-------|--------|-------------|---------------|--------------|-----------|-------------|---------------|----------|
| IXL Enterprises, Inc. | IIXL | 02/03/00 | 880 | 49.44 | 02/15/00 | 446 | 42.56 | |
| | | | | | 03/15/00 | 434 | 32.56 | 10,389.99 |
| Intasys Corp. | INTA | 03/10/00 | 1450 | 13.625 | 03/16/01 | 1450 | 0.34 | 19,257.81 |
| VA Linux Systems, Inc. | LNUX | 02/03/00 | 110 | 128.125 | | | | |
| | | 03/15/00 | 130 | 102.625 | | | | |
| | | 06/08/00 | 340 | 37.5 | 03/16/01 | 580 | 3.125 | 38,372.50 |
| SLI, Inc. | SLI | 02/15/00 | 1500 | 14 13/16 | 03/10/00 | 1500 | 13.25 | 2,343.75 |

Total Losses on Stock Trades ........................................................ $112,030.62

Losses on Intellidata Shares, purchased on various dates ........ $20,860.59

**Total losses, 2000/2001** ........................................................ **$132,891.21**

5. The value of the Retirement Account on November 30, 1999 was $180, 491.11.

6. In approximately 90% of the cases, Mr. Ewanouski would purchase the securities for Claimant's IRA Account without Claimants permission. In the approximately 10% of the instances where permission was sought, Mr. Ewanouski never warned Claimant of the risks of such investments. Of course, in the purchases made without Claimant's authorization, there was no discussion of risks or diversification.

7. The value of the IRA Account on January 31, 2003 was $49.878.27.

8. Throughout the period, Respondents invested Claimant's Accounts in high risk technology/internet stocks in disregard for his retirement objectives.

9. As a result of such practices by Respondent, Claimant has been damaged in the amount of $132,891.21.

WHEREFORE, Claimant requests that the panel award him damages in the amount of $132,891.21 plus attorneys' fees and costs.

John Dennis, by his attorneys
Zimble & Brettler, LLP

By _____

   Edmund Polubinski, Jr.
21 Custom House Street
Boston, MA 02110
617/723-2222

_____

John Dennis, Claimant

4680.0001 claim 1.0
11/20/03

Exhibit 4

DENNIS RETIREMENT
9/20/99

| Stock | Quantity | Estimated Value |
|-------|----------|-----------------|
| America On Line | 100 | $10,406.25 |
| Audible Inc | 1,000 | $10,500.00 |
| Contour Energy Co | 200 | $262.60 |
| Data General Corp. | 715 | $15,059.68 |
| Geotek | 1,500 | $27.00 |
| MCI Worldcom | 170 | $12,218.75 |
| Mediaone | 70 | $4,781.87 |
| Microsoft | 120 | $10,867.50 |

Total                                    $64, 123.65

Cash                                     $36.63

DENNIS IRA
PORTFOLIO 12/31/99

| Stocks Security | Quantity | Est. Value |
|---|---|---|
| Audible | 1,000 | $15,000 |
| Contour Energy | 200 | $104 |
| EMC (from Data General) | 109.25 | $24,362.75 |
| Geotek | 1,500 | 0 |
| Intel | 200 | $16,462.50 |
| MCI | 405 | $21,490.31 |
| SLI | 1,000 | $13,562.50 |

| | |
|---|---|
| Total Stocks | $90.982.06 |
| Mutual Funds | $111,800.97 |
| Cash | $470.88 |
| TOTAL | $203,253.91 |

DENNIS IRA
PORTFOLIO 6/30/00

Stocks

| Security | Quantity | Est. Value |
|---|---|---|
| Contour Energy | 200 | $406.20 |
| ELOT | 2,000 | $3,750 |
| Geotek | 1,500 | $19.50 |
| Intasys | 1,450 | $3,970.24 |
| Intellidata | 1,900 | $19,593.75 |
| VA Linux Systems | 580 | $24,940.00 |
| Total Stocks | | $52,379.69 |
| Mutual Funds | | $112,927.90 |
| Cash | | $289.80 |
| TOTAL | | $203,253.91 |

DENNIS IRA
PORTFOLIO 12/31/00

| Stocks Security | Quantity | Est. Value |
|---|---|---|
| Contour Energy | 200 | $243.80 |
| Dollar tree Stores | 300 | $7,350 |
| ELOT | 2,000 | $ 1,000 |
| Entremed | 700 | $12,075 |
| Geotek | 1,500 | $ 0 |
| Intasys | 1,450 | $588.99 |
| Intellidata | 1,900 | $4,926.03 |
| VA Linux Systems | 580 | $4,712.50 |
| Total Stocks | | $30,898.32 |
| Mutual Funds | | $57,069.55 |
| Cash | | $46.90 |
| TOTAL | | $88,014.77 |

DENNIS RETIREMENT ACCOUNT
6/30/01

| Stocks | | |
|---|---|---|
| Company | No. Shares | Value |
| Contour Energy | 200 | $450 |
| Genenoor | 450 | $7,150 |
| Geotek | 1500 | 0 |
| H Power | 500 | $4,856 |
| Intellidata | 2,900 | $17,110 |
| Total Stock | | $29,565.50 |
| Cash | | $1,258.37 |
| Mutual Funds | | $50,606.94 |
| TOTAL | | 81,430.81 |

DENNIS RETIREMENT
4/4/02

| Stocks | | |
|---|---|---|
| Company | Shares | Value |
| Geotek | 1,500 | $0 |
| Contour | 200 | $0.01 |
| Intellidata | 3,100 | $4,115.30 |
| TOTAL | | $4,115.31 |
| Mutual Funds | | $45.140.12 |
| Cash | | $0.39 |
| TOTAL VALUE | | $49,255.82 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) ___Dennis v Wachovia LCC___

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

___    I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

_X_    II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

___    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

___    IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

___    V.    150, 152, 153.

05 11270 GAO

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

___None___

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?    (See 28 USC §2403)

YES ☐    NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☒    NO ☐

A.    If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☒        Central Division ☐        Western Division ☐

B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Edmund Polubieski Jr___
ADDRESS ___600 Atlantic Ave___
TELEPHONE NO. ___617 523-6658___

(CategoryForm.wpd -5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

John Dennis

**(b)** County of Residence of First Listed Plaintiff   Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Edward Polubinski  617/523-6655
Lyne Woodworth & Everts, LLP
600 Atlantic Ave, Boston, MA 02210

## DEFENDANTS

WACHOVIA, LLC

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)   Michael & Ward
1 Liberty Sq   Boston MA 02109

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
9 USC 510

Brief description of cause:   VACATE ARBITRATION AWARD

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $   113,031.65

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   6/17/05

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____