UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN DENNIS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 05-CV-11270-GAO |
| | ) | |
| vs. | ) | |
| | ) | |
| WACHOVIA SECURITIES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS THE VERIFIED COMPLAINT,
OPPOSITION TO MOTION TO VACATE THE ARBITRATION AWARD,
<u>AND CROSS-MOTION TO CONFIRM THE ARBITRATION AWARD</u>**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), (6) and (7), Defendant Wachovia

Securities, Inc. ("Wachovia") files this Motion to Dismiss the Verified Complaint, Opposition to

Motion to Vacate the Arbitration Award, and Cross-Motion to Confirm the Arbitration Award

Motion to Dismiss the complaint.

Plaintiff John Dennis ("Plaintiff" or "Mr. Dennis") has filed a Verified Complaint and

Motion to Vacate Arbitration Award ("Motion to Vacate"). For the reasons discussed in more

detail in the accompanying memorandum of law, the Motion to Vacate should be dismissed for

two reasons.

First, the Motion to Vacate is subject to dismissal pursuant to Federal Rule of Civil

Procedure 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff has failed to set forth sufficient allegations to support his conclusory assertion that the

decision of the arbitrators was "contrary to the facts and law to the extent that the arbitrators



exceeded their powers and so imperfectly executed their powers that a mutual, final and definite award upon the subject matter was not made." (Compl. ¶ 33.)

Second, the Motion to Vacate is subject to dismissal under Federal Rules of Civil Procedure 12(b)(1) and (7).  Michael Ewanouski ("Mr. Ewanouski") was a party to the underlying NASD arbitration in which the arbitrators considered and rejected Plaintiff's claim that Mr. Ewanouski purchased securities on his behalf that were unsuitable for his investment objectives.  Mr. Ewanouski plainly is an indispensable party to any action to have that arbitration award vacated.  However, the joinder of Mr. Ewanouski will destroy diversity jurisdiction, and there is no federal question jurisdiction.  Accordingly, the Motion to Vacate should be dismissed.

Dated: August 1, 2005

Pete S. Michaels, Esq.
David L. Ward, Esq.
Deborah Gale Evans, Esq.
MICHAELS & WARD, LLP
One Liberty Square
Boston, Massachusetts 02109
(617) 350-4040

Attorneys for Defendant