UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
John Dennis,                          )
    Plaintiff,                    )
                                      )
v.                                    )        CIV. NO. 05-CV-11270-GAO
                                      )
Wachovia Securities, LLC,             )
    Defendant.                    )
_____)

## OPPOSITION OF MOTION TO DISMISS THE VERIFIED COMPLAINT AND MOTION TO VACATE ARBITRATION AWARD, ETC.

### INTRODUCTION

This opposition is filed in response to the motion to dismiss ("Motion to Dismiss") dated August 1, 2005 (originally filed July 25, 2005) of Defendant, Wachovia Securities, LLC ("Defendant") of the Verified Complaint and Motion to Vacate Arbitration Award ("Complaint"). There are two grounds for the Motion to Dismiss. The first ground is that under F. R. C. P. 12(b) (6) the complaint fails to state a claim upon which relief can be granted because Plaintiff has not set forth sufficient allegations for this Court to vacate the arbitrator's decision. The second, under F. R. C. P. 12 (b) (7), is that Michael Ewanouski ("Mr. Ewanouski"), an employee of Defendant who was a party to the arbitration, should be an indispensable party pursuant to F. R. C. P. Rule 19 (b) and that if he were made party, there would not be complete diversity of citizenship, and the case dismissed pursuant to F, R. C. P. Rule 12 (b) (1). The Motion to Dismiss should be denied for the reasons set forth below.

1

## PROCEDURAL HISTORY

On or about January 16, 2004, Plaintiff filed a Statement of Claim in arbitration before the National Association of Securities Sealers ("NASD") seeking damages against Defendant and its employee Mr. Ewanouski in the amount of $132,891.21, attorneys' fees and costs. Plaintiff's claim complained that Defendant and Mr. Ewanouski (1) made unauthorized trades on behalf of Plaintiff in violation of NASD rules and (2) that the investments Defendant and Mr. Ewanouski made for Plaintiff's benefit were unsuitable for his retirement account, again in violation of NASD Rules. The Statement of Claim is attached to the Complaint as Exhibit 3. On March 21-22 a hearing was held pursuant to the rules of the NASD and the panel of arbitrators found for Defendant and Mr. Ewanouski.   On or about June 17, 2005 Plaintiff commenced this action against Defendant to vacate the arbitration award.   Contradictory evidence was introduced in the arbitration regarding Plaintiff's unauthorized trading claim and thus the sole basis of the action to vacate is upon the claim that the investments Defendant purchased for Plaintiff's account were unsuitable, in violation of NASD Rule 2310.   Defendant's Motion to Dismiss was filed August 1, 2005.

## BACKGROUND FACTS

Plaintiff, a radio broadcaster, opened an account with a predecessor of Defendant in 1999. Although Defendant's brief attempts to paint Plaintiff as a "savvy businessman"[1] he is not and entrusted his retirement account with Defendant to "grow his

---

[1].       Defendant's memorandum asserts additional facts, not supported by affidavit, which are inaccurate. Defendant contends that "Plaintiff [is] a very savvy businessman [who] is an experienced investor. There is no testimony in the record which would indicate this.

Furthermore Defendant's memorandum stated "the evidence made clear that Plaintiff takes immense pride in being actively involved in the management of his portfolio. . ." There is absolutely no evidence that would show this.

nest egg." Claim ¶ 3. The Account Statement prepared by Mr. Ewanouski sets forth the middle of the road investment goal "Growth (Quality Emphasis)." Defendant, however, invested Plaintiff's moneys in highly speculative securities,[2] such as Ask Jeeves, ELOT, Inc, Entremed, Focus Enhancements, H Power, IXL Enterprises, Intasys Corp., VA Linux Systems, Inc., SLI, Inc. and Intellidata. Part I of the Argument below will demonstrate evidence introduced at the hearing conclusively proved that these securities were speculative and unsuitable for Plaintiff's retirement account, whose goal was "Growth (Quality Emphasis)[3] and that there was no contradictory evidence introduced. The Gist of Plaintiff's Complaint is that the arbitrators knew the law as to suitability and then refused to apply it to the facts. This was in violation of 9 U. S. C. § 10 and in the judicial remedy set forth in Advest v. McCarthy, 914 F. 2d 9 (1st Cir. 1990). Part II of the Argument below will set forth the reasons why it is unnecessary to join Mr. Ewanouski as a defendant destroying this Court's jurisdiction.

---

The memorandum also states "the evidence and testimony presented at the hearing demonstrated that [Plaintiff] . . was aware of the . . .risks of such investments." Mr. Ewanouski, Defendant's only witness, testified, on cross examination:

> Q—Did you ever talk about risk?
> A—In the very beginning when we started our relationship in 1992 we talked about the benefits and the pluses or minuses of buying stocks on a per stock basis no we did not talk about risk. We had a relationship that had gone on a long time that was consistent from day one to the very end.
> Q—After the discussion in 1992 you never discussed risk?
> A—On an individual stock basis no, to the best of my knowledge
> Q—On the basis of the entire portfolio, did you discuss risk?
> * * *
> A—No, on the basis of the entire portfolio I don't believe I ever did." Polubinski Aff. ¶ 4

2.    See testimony of Plaintiff's expert at Polubinski Affidavit, Exhibit B.

3.    Mr. Ewanouski testified that speculative securities were not "Growth (Quality Emphasis)"
> "Q—Is there an investment objective checked?
> A—Yes, there is growth with a quality emphasis.
> Q—Is that a speculative emphasis?
> A—No it is not." Polubinski Affidavit ¶ 5.

3

## ARGUMENT

### *I. Plaintiff's Complaint States a Claim upon which Relief May Be Granted.*

Defendant's motion is based upon the purported failure of Plaintiff to plead

sufficient facts to state a claim under 9 U. S. C. § 10 and in the judicial remedy set forth

in Advest v. McCarthy, 914 F. 2d 9 (1st Cir. 1990).

Wright & Miller, Federal Practice and Procedure, 3rd § 1357 states:

> "A proposition that is at the heart of the application of the
> Rule 12 (b) (6) motion, and one that is of universal
> acceptance . . . is that for purposes of the motion to dismiss,
> (1) the complaint is construed in the light most favorable to
> the plaintiff, (2) its allegations are taken as true, and (3) all
> reasonable inferences that can be drawn from the pleading
> are drawn in favor of the pleader."

Thus the facts which Defendant sets forth in the motion, without evidentiary

support and which are contradicted by the record (see fn. 1, supra) should be ignored the

above test applied.

As Defendant indicates, the key case in the First Circuit is Advest v. McCarthy,

914 F. 2d 6 (1st Cir. 1990). The court there recognized that courts could vacate

arbitration awards under 9 U. S..C § 10. Applicable here would be is (a) (4) which

provides, in applicable part, that the arbitrators "so imperfectly executed [their powers]

that a mutual, final, and definite award upon the subject matter submitted was not made."

The *Advest* court did also recognize a power in courts to review apart from 9 U. S.

C. § 10. The Defendant's formulation of the *Advest* test is flawed, however. The court

did recognize that:

> In the main, a successful challenge to an arbitration award,
> apart from section 10, depends upon the challenger's ability
> to show that the award is '(1) unfounded in reason and fact;
> (2) based on reasoning so palpably faulty that no judge, or

4

> group of judges, ever could conceivably made such a
> ruling; or (3) mistakenly based on a crucial assumption that
> it is concededly a non-fact' [Citations omitted] 914 F. 2d at
> 8, 9.

The court, after reviewing several formulations stated that "we propose merely to point

out that the determinant in this of this array of alternatively worded formulations consists

of two classes of cases. . ." Id at 9  The second only is applicable in the case at bar.

"The second category embraces instances where it is clear from the record that the

arbitrator recognized the applicable law—and then ignored it." Id.  The inquiry under

*Advest* is, therefore, is whether (1) the arbitrators recognized the applicable law and (2)

whether they ignored the applicable law

    a.  The arbitrators recognized the applicable law.

    There was no opinion in the arbitration thus there is no direct evidence that the

arbitrators recognized the law. The *Advest* court, however, stated that "[i]n certain

circumstances the governing law may have such widespread familiarity, pristine clarity,

and irrefutable applicability that a court could assume the arbitrators knew the rule. . ."

Such is the case with suitability, Rule 2310 of the National Association of Securities

Dealers, Inc. in part states:

> "In recommending to a customer the purchase, sale or
> exchange of any security, a member shall have reasonable
> grounds for believing that the recommendation is suitable
> for such customer upon the basis of the facts, if any,
> disclosed by such customer as to his other security holdings
> and as to his financial needs."

    Each of the arbitrators were connected with the securities business and were

experienced and should have been aware both from their service as arbitrators and in their

5

business with the above rule. See Exhibit A to Polubinski Affidavit submitted herewith. Suitability claims are common.

Furthermore the testimony of Plaintiff's expert, John Kattar is almost wholly directed to the issue of suitability and whether the securities in question were suitable to Plaintiff's retirement account. See Plaintiff's complaint ¶¶ 15 through 27 which sets forth the expert's testimony is reproduced in Exhibit B to Polubinski Affidavit.

    b.    The arbitrators ignored the applicable law.

Plaintiff's expert testified either that the investments Plaintiff complains of were unsuitable for any portfolio, speculative and inappropriate, a company that no longer exists (indicating in and of itself that it was unsuitable for a retirement account) or that he could find no information about the company (leading to the same inference). Defendant did not call an expert and introduced no evidence with respect to whether the investments were or were not suitable. Defendant accepted Mr. Kattar as an expert, Mr. Kattar, who is head of the investment team of Eastern Advisors, a division of Eastern Bank. Complaint ¶ 15 (Polubinski Affidavit, Exhibit B).

The testimony is that the investments of Plaintiff were generally unsuitable. There was no testimony that the investments were suitable.[4] Defendant states that the account documents set forth that his objective was "Growth (quality emphasis)" and that his risk level was "moderate." "Growth (quality emphasis)" does not indicate that

---

4.     Defendant's salesman did testify as follows on cross examination:
        "Q—What about suitability. What's your understanding of the SEC'
        uh NASD's requirement of suitability?
        A—By knowing your client by talking to your client, by what your
        client trying to get accomplished. . ."
        * * * Polubinski Affidavit ¶ 6.

Plaintiff is risk tolerant or that he desired speculative stocks. Defendant's salesman stated in cross examination:

> "Q—Is there an investment objective checked?
> A—Yes, there is growth with a quality emphasis.
> Q—Is that a speculative emphasis?
> A—No it is not." Polubinski Affidavit ¶ 5.

Defendant's counsel's statement that Plaintiff had 10 years of experience has nothing to do with suitability. It simply meant that he had been an investor for 10 years.

Defendant's memorandum places emphasis upon a so called "activity letter" which Defendant prepared and Plaintiff signed. This letter is not set forth in the complaint and should not be regarded in a F. R. C. P. Rule 12 (b) (6) motion. Even if it is considered by the Court the, letter does not relate to suitability in any whatsoever. It is a letter that relates to high levels of activity, short term trading and large brokerage commissions. It states nothing about speculative stocks and states nothing about suitability. It is absolutely irrelevant to Plaintiff's claim. Defendant's reliance thereon is misplaced.[5]

In short Plaintiff, through his expert, presented evidence that the investments in question were unsuitable for his retirement account and in many instances were unsuitable for anyone's portfolio. This evidence was uncontradicted, thus the panel exceeded its powers under 9 U. S. C. § 10 and that the panel knew of and ignored the applicable law.

---

[5]. Ironically, Plaintiff never complained about excessive trading or commissions. The level of activity in his account was relatively modest.

II. This Court Has Jurisdiction over the Case at Bar.

Defendant contends that Michael Ewanouski, a salesman for Defendant is a necessary party and that if joined, as he is a resident of Massachusetts, like Plaintiff, his joinder will destroy diversity of citizenship. 28 U. S. C. §1332 provides in applicable part that this Court has jurisdiction where the amount in controversy exceeds $75,000 and is between citizens of different states.

It is conceded that the claim in the case at bar is based on diversity jurisdiction Cf. Giangrande v. Shearson Lehman/E. F. Hutton, 803 F. Supp. 464 (D. Mass. 1993) thus if there is no complete diversity Plaintiff's claim must fall.

Joinder of Mr. Ewanouski is clearly not required in the case at bar.

Rule 19 (a) of the F. R. Civ. P. provides for mandatory joinder of persons *unless the joinder of such person deprives the court of subject matter jurisdiction.* In the case at bar, if Mr. Ewanouski were added as a defendant, the Court would lose diversity jurisdiction. Thus joinder under Rule 19 (a) would be inappropriate. If Rule 19 (a) is inappropriate, the Court must determine under Rule 19 (b) whether "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indespensible" Rule 19 (b) lists four non-exclusive factors for determining whether joinder should be permitted. The following discusses each of the four factors:

1.      *"to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties..."* Mr. Ewanouski and Defendant were joined in the arbitration as joint tortfeasors. Clearly Mr. Ewanouski is not prejudicial to Plaintiff.

As to Defendant, the claim against it is a claim against an employee of Plaintiff and if a

judgment or a decision is adverse to Defendant, defendant is free to proceed against its

employee. See e. g. Fidelity & Cas. Co. of NY v. Tillman Corp., 112 F. 3d 302 (7th Cir.

1997); Drexel Burnham Lambert, Inc. v. Warner, 665 F. Supp. 1549 (D. Fla. 1987) At

best Defendant and Mr. Ewanouski are joint tortfeasors, corporation and employee,

principal and agent. The language in Nottingham v. General Am Communications Corp.,

811 F.2 d 873 (5th Cir. 873 1987) is appropriate:

> "[I]t is well-established that Rule 19 does not require the
> joinder of joint tortfeasors. . . Nor does it require joinder
> of principal and agent. . . Finally Rule 19 does not require
> joinder of persons against whom Ross and GAC have a
> claim for contribution." 811 F. 2d at 880 [Citations
> Omitted]

7 Wright & Miller, Federal Practice and Procedure § 1623 states:

> "Under generally accepted principals of tort law, the
> liability of joint tortfeasors is both joint and several. . .Thus
> plaintiff may sue one or more of them without joining the
> others. Illustratively, in a shareholder action claiming that
> several officers in an entertainment corporation had
> fraudulently induced plaintiffs into an agreement to sell
> their shares, the court held that the former general counsel
> of the corporation who had allegedly participated along
> with the other officers was not an indispensable party and
> did not have to be joined. Similarly, it has been held
> unnecessary to join all the members of a partnership who
> are jointly and severally liable because of the conduct of
> one partner, and joinder has not been required of principals
> and agents. . ." [Footnotes Omitted]

2.    *"the extent to which, by protective provisions in the judgment, by the shaping of*

*relief, or other measures, the prejudice can be lessened or avoided. . ."* As shown above

there is no prejudice so no special measures are necessary.

3.    *"whether a judgment rendered in the person's absence will be adequate. . ."*

Again, Plaintiff's claim is against Defendant as well as its employee. The entity and the employee both are responsible for the harm to Plaintiff and Plaintiff is free to choose its defendant.

4.    *"whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder"* This factor clearly favors nonjoinder of Mr. Ewanouski. To move to vacate an arbitration award in state court, Mass G. L. c. 251, § 12 (b) provides in applicable part that an application thereunder "shall be made within thirty days after delivery of a copy of the award to applicant . . ." The date of service of the award was March 29, 2005, and clearly more than 30 days have elapsed thereafter. If the case at bar was dismissed for nonjoinder Plaintiff would have no remedy.

On balance the factors favor non joinder under F. R. C. P. Rule 19 (b).

### CONCLUSION

For the reasons set forth above, the Complaint should not be dismissed under F. R. C. P. Rule 12 (b)(1), Rule 12 (b) (6) and Rule 12 (b) (7).

**PLAINTIFF REQUESTS ORAL ARGUMENT.**

> The plaintiff JOHN DENNIS,
> by his attorneys,
> LYNE, WOODWORTH & EVARTS LLP
>
> Edmund Polubinski, Jr., of counsel
> BBO #402640
> Federal Reserve Plaza
> 600 Atlantic Avenue
> Boston, MA 02210
> (617) 523-6655

10

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on August 8, 2005. I caused it to be delivered to Deborah Gale Evans, Esq. Michaels & Ward, LLP, One Liberty Square, Boston, MA 02109.

Dated: August 8, 2005

Edmund Polubinski, Jr.