UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John Dennis,<br>    Plaintiff,<br><br>v.<br><br>Wachovia Securities, LLC,<br>    Defendant. | CIV. NO. 05-CV-11270-GAO |

### AFFIDAVIT OF EDMUND POLUBINSKI, JR.

The undersigned, Edmund Polubinski, Jr., states under pains and penalties of perjury:

1. I am a member, in good standing, of the bar of The Commonwealth of Massachusetts and my BBO number is 402640.

2. I obtained a tape recording of the hearing in In the Matter of the Arbitration Between John Dennis v. Wachovia Securities, LLC and Michael Ewanouski, Case Number 04-00361 ("Arbitration").

3. The following (##4-6) are, to the best of my knowledge and ability excerpts from such hearing.

4. Mr. Ewanouski's cross examination:

> Q—Did you ever talk about risk?
> A—In the very beginning when we started our relationship in 1992 we talked about the benefits and the pluses or minuses of buying stocks on a per stock basis no we did not talk about risk. We had a relationship that had gone on a long time that was consistent from day one to the very end.
> Q—After the discussion in 1992 you never discussed risk?
> A—On an individual stock basis no, to the best of my knowledge.
> Q—On the basis of the entire portfolio, did you discuss risk?
> * * *
> A—No, on the basis of the entire portfolio I don't believe I ever did."

1

5.  Mr. Ewanouski's cross examination:

> "Q—Is there an investment objective checked?
> A—Yes, there is growth with a quality emphasis.
> Q—Is that a speculative emphasis?
> A—No it is not."

6.  Mr. Ewanouski's cross examination:

> "Q—What about suitability. What's your understanding of
> the SEC' uh NASD's requirement of suitability?
> A—By knowing your client by talking to your client, by
> what your client trying to get accomplished..."
> * * *

7.  Exhibit A hereto is a true and correct copy of the Arbitrator Ranking Form and the Arbitrator Disclosure Forms of Messrs Anderson and Acerra which were provided with the ranking form and the webpage of Mr. Levy the therd arbitrator in the Arbitration.

8.  Exhibit B is a true and correct copy of ¶¶ 15 through 27 of Plaintiff's complaint in the above captioned action.

Dated August 8, 2005

*Edmund Polubinski*
Edmund Polubinski, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on August 8, 2005. I caused it to be delivered to Deborah Gale Evans, Esq. Michaels & Ward, LLP, One Liberty Square, Boston, MA 02109.

Dated: August 8, 2005

_____
Edmund Polubinski, Jr.

Report ID: NLSS007

# ARBITRATOR RANKING FORM

Case ID:   04-00361        Case Name:   John Dennis vs. Wachovia Securities, LLC, and Michael Ewanouski

| **Public Arbitrator** | **Arbitrator ID** | **Panelist Name** | **Party Ranking/Struck** |
|---|---|---|---|
| | A03917 | Ms. Lucy J. Karl Esq. | _____ |
| | A03993 | Mr. Thomas H. Tucker Esq. | _____ |
| | A31394 | Prof Ruth-Ellen Post JD | _____ |
| | A30842 | Mr. David S. Kirk | _____ |
| | A31604 | Mr. Frank E. Wolf | _____ |
| | A09455 | Mr. Warren D. Hutchison Esq. | _____ |
| | A11855 | Ms. Colette Manoil Esq. | _____ |
| | A12416 | Mr. David J. Anderson | _____ |
| | A12596 | Mr. Barton B. Skeen Jr. Esq. | _____ |
| | A12940 | Mr. Arnold M. Marrow Esq. | _____ |

| **Industry Arbitrator** | **Arbitrator ID** | **Panelist Name** | **Party Ranking/Struck** |
|---|---|---|---|
| | A12204 | Mrs. Tobi J. Lesse | _____ |
| | A31851 | Mr. Patrick W. McKeon Esq. | _____ |
| | A32017 | Ms. Laura M. Nelson Esq. | _____ |
| | A10695 | Mr. Robert W. Crook | _____ |
| | A14510 | Mr. Stephen M. Acerra Jr. Esq. | _____ |

Claimant/Respondent: _____

Submitted By: _____

(Please Print Name)

on behalf of: _____

Signed: _____

Report ID: NLSS007                                                          Case: 04-00361  Arbitrator: A12416

# ARBITRATOR DISCLOSURE REPORT

Arbitrator information, other than the publicly available awards section, below, last amended on 4/13/2004

## ARBITRATOR

| Arb ID | Arbitrator Name | | Industry/Public |
|---|---|---|---|
| A12416 | Mr. David J. Anderson | | Public Arbitrator |

**City/State/Country**
Woodland Hills / CA / USA

### SKILLS IN CONTROVERSY
<No Skills Listed>

### SKILLS IN SECURITIES
<No Skills Listed>

## EMPLOYMENT/EDUCATION

| Begin Date | End Date | Type | Firm/School | Position/Degree |
|---|---|---|---|---|
| 9/1/1971 | 8/1/1973 | Education | Pepperdine University | MBA |
| 9/1/1957 | 6/1/1962 | Education | University of California | BS |
| 10/1/1992 | | Employment | Anderson & Associates | President |
| 2/1/1980 | 10/1/1992 | Employment | Electronic News | National Mktg Manager |

## TRAINING

| Begin Date | End Date | Description | Firm/School | Certification |
|---|---|---|---|---|
| 9/30/1992 | 9/30/1992 | Served as Arbitrator 1/1/90-12/31/92 | Presided at Hearing | - |
| 7/19/1993 | 7/19/1993 | Non-Securities Related Training | Mechanics of Broker | - |
| 7/20/1993 | 7/20/1993 | Non-Securities Related Training | Basic Arbit. Video | - |
| 8/3/1993 | 8/3/1993 | Non-Securities Related Training | Vacture of Awards | - |
| 8/3/1993 | 8/3/1993 | Non-Securities Related Training | Managing Arbitration | - |
| 9/14/1993 | 9/14/1993 | Non-Securities Related Training | Statute of Limitation's | - |
| 11/10/1993 | 11/10/1993 | Non-Securities Related Training | Failure to Supervise | - |
| 11/10/1993 | 11/10/1993 | Non-Securities Related Training | Duties of A.E. | - |
| 11/10/1993 | 11/10/1993 | Participatory Arbitrator Skills Program | Duties that Flow | 2 hours |
| 6/14/1994 | 6/14/1994 | Participatory Arbitrator Skills Program | Vacating Arb. Awards | 2 hours LAX |
| 2/26/1996 | 2/26/1996 | Chairperson Securities Training | NASD | 6 hours LAX |
| 4/21/1999 | 4/21/1999 | New Chairperson Training [NASD] | NASD | 4 hours LAX |
| 6/14/1999 | 6/14/1999 | New Panel Member Training [NASD] | NASD | 11 hours LAX |

## DISCLOSURE/CONFLICT INFORMATION

| Type/Sub-Type | Description |
|---|---|
| Has made disclosure about | Sat as President of Special Cts Martials (US Navy) |
| Has/Had an account with | RBC Dain Rauscher-IRA/Family Trust/personal |
| Is a member of | B.C. & M.A. |
| Is a member of | B.P.A.A. |
| Is a member of | W.P.A. - Vice President |

## PUBLICLY AVAILABLE AWARDS

| Case ID | Case Name | Closed Date |
|---|---|---|
| 02-01478 | Michelle T. Fisher v. Merrill Lynch, Pierce, Fenner & Smith Inc. and Stephen | 3/24/2004 |

Report ID: NLSS007                        Case: 04-00361  Arbitrator: A12416

| Case No. | Case Name | Date |
|---|---|---|
| 02-04633 | Larry Allen Stanley v. Randolph Moore and Robert Bidwell | 3/16/2004 |
| 02-04731 | Joe and Judy Gergely JTWROS vs. Merrill Lynch, Pierce, Fenner & Smith, Inc., | 3/8/2004 |
| 02-02381 | Stephen H. Cruikshank, et al vs. Edward Jones & Co., Anthony A. Goheen and W. | 2/6/2004 |
| 03-00789 | Joseph and Carolyn Murray v. Salomon Smith Barney, Inc., Howard Guggenheim, | 1/23/2004 |
| 02-04961 | Colleen Fields vs. Wachovia Securities, Inc. | 10/23/2003 |
| 02-02621 | John C. Brady, II v. Prudential Securities, Inc. and James J. Yglesias, | 10/15/2003 |
| 02-06805 | Dagmar Wineinger vs. US Bancorp Piper Jaffray and Vincent H. Rossi | 9/29/2003 |
| 02-01960 | Beth Susan Fuchs, Gary W. Fuchs, and et al v. Raymond James Financial | 7/29/2003 |
| 99-01084 | Fakhrosadat Zohary and Aarash Hosseinpour v. Thomas F. White & Co. | 5/12/2003 |
| 02-04606 | Norman R. Levins vs. Kevin F. Cuddihy and David Brockway | 3/3/2003 |
| 00-02642 | Mike Malow and Annette B. Malow Trust v. Morgan Stanley Dean Witter and James | 10/24/2002 |
| 01-03508 | Kai Bender vs. Banc of America Investment Services, Inc. and Meryl | 8/30/2002 |
| 01-01244 | Hoffer Family Trust v. Merrill Lynch, Spencer W. Beard and Gerard | 8/28/2002 |
| 00-00070 | David Rice v. Cohig & Associates a/k EBI Securities Corporation & Lawrence | 8/7/2002 |
| 00-03608 | John K. Schels & The Estate of Jeanne E. Schels v. PaineWebber Incorporated, | 6/20/2002 |
| 01-00740 | Ameritrade, Inc. v. Xintian Li | 4/15/2002 |
| 00-02536 | Alen Ajed v. Merrill Lynch, Pierce Fenner & Smith | 4/12/2002 |
| 00-01325 | Michael J. Del Monaco, et al. v. Charles Schwab & Co., Inc. | 5/21/2001 |
| 99-03068 | Dana Fuller, et al v. Frank M. Orrell; Orell and Company, Inc.; Matthew | 5/7/2001 |
| 00-00055 | Sheldon R. Blum v. Olde Discount Corporation and Craig Wisbiski | 4/5/2001 |
| 99-05026 | Debi A. Christenhusz, IRA vs. Douglas D. Crawford, PSF Investments, | 3/22/2001 |
| 99-05292 | Ameritrade, Inc. v. Steve Noh | 3/22/2001 |
| 99-03865 | Steven J. Soja vs. Lehman Brothers, Inc., and William Welsh | 11/17/2000 |
| 99-04489 | Olde Discount Corp. vs. Dennis & Catherine Phillips | 9/28/2000 |
| 98-04507 | Kerry D. & Danette Erickson vs. H.J. Meyers, S.G. Cowen Securities Corp. and | 8/9/1999 |
| 97-00072 | Gary Fetman vs. Monitor Investment Group, Inc., Ken Fuina, Mark Burton, Norman | 9/22/1998 |
| 97-04721 | Leon P. McGroarty vs. Jeffrey Rosenstein, Ron Barhorst; Louis Fiorino; | 6/1/1998 |
| 97-03808 | James Witkowski vs. H.J. Meyers, Inc. and Jason Smith | 5/12/1998 |
| 96-03555 | Baraban Securities Incorporated vs. Western International Securities, Jon | 4/3/1998 |
| 97-02691 | Deborah M. Brown vs. Long Securties Corporation, Lawrence S. Jay vs. Albert | 3/2/1998 |
| 97-01183 | Hazel C. Harrelson vs. Del Mar Financial Services, Kevin Dills and Anthony | 2/4/1998 |
| 96-05578 | Howard Gensler v. John Hiers | 12/23/1997 |
| 96-05253 | Paul R. Eberle vs. John Puglis, Herman Epstein and Investors Associates, | 8/29/1997 |
| 96-03496 | M2 Software, Inc. vs. Herzog, Heine, Geduld, Inc. | 3/19/1997 |
| 95-01917 | Joan C. Kitchen vs. Dean Witter Reynolds Inc., et al. | 12/11/1996 |
| 95-03907 | LMDE, Inc. vs. Smith Barney Shearson and Prudential Securities, Inc. | 12/3/1996 |
| 95-02988 | Barry Weiner vs. Smith Barney, Inc. f/k/a Shearson, Lehman Brothers, | 7/19/1996 |
| 95-03968 | Michael C. Laugen vs. Stratton Oakmont, Inc. and Samuel R. Weber | 6/14/1996 |
| 95-03776 | Scott R. Trimingham and Donna I. Trimingham vs. Edward Kelly IDS Financial | 5/9/1996 |

## ARBITRATOR BACKGROUND INFORMATION

I received a Bachelor of Science degree from the University of California in 1962. From then until 1968, I was an officer in the U. S. Navy. I served on several ships involved in the Vietnam War. In addition to being the gunnery training officer for the Atlantic Fleet Training Group in Guantanamo Bay. I also served as the President of Special Courts Martials for over a year. I sold computers and computing for IBM and Computer Sciences Corporation in the early 1970's. Following that I was a partner in International Features.

In 1974, I received my M.B.A. degree from Pepperdine University. From 1975 through 1978, I was the business and advertising manager for Rangefinder Publishing. I was the production manager for Interface Age Publishing in 1979.

From 1980 to 1992, I was involved in marketing for Electronic News as the National Marketing Manager. In the fall of 1992, I formed Anderson & Associates, a marketing consulting organization.

Report ID: NLSS007                                                      Case: 04-00361  Arbitrator: A12416

Report ID: NLSS007                                                          Case: 04-00361  Arbitrator: A14510

| | | |
|---|---|---|
| 02-05950 | Catherine Burgess vs. Kevin Jackson and Janney Montgomery Scott, LLC | 10/30/2003 |
| 01-06698 | Tray Cahillane vs. Morgan Stanley Dean Witter, Inc. and Declan Maher | 1/14/2003 |
| 99-01570 | Leerink Swann & Company v. Paul Sheldon | 10/2/2000 |
| 97-04910 | Stephen Skoly vs. Joseph Dillon & Company, Mark Elliott and J.B. | 3/6/2000 |
| 98-03450 | Daniel Gonyea vs. David LeFort & Gruntal & Co. | 2/18/2000 |
| 97-04328 | Eric S. Bazil vs. Merrill, Lynch, Pierce, Fenner & Smith, Inc.; Marie | 8/20/1999 |
| 97-03151 | Cynthia R. Dicostanzo, as TTEE, Giorgio Dicoctanzo and Mario Dicostanzo vs. | 1/25/1999 |
| 97-04044 | Thomas P. Ricci vs. Coburn & Meredith, Inc., Steve J. Wilson and Barry M. | 1/5/1999 |
| 97-04335 | John Diaz vs. D.H. Blair & Co., Inc., Kenton E. Wood, William Badinelli and | 10/20/1998 |
| 97-04406 | Harold E. Debona vs. Bear Stearns & Co., Inc and Albert J. Sabini | 8/6/1998 |
| 97-00421 | Theodore R. Turner, Jr. vs. Linsco/Private Ledger Corp. | 5/1/1998 |
| 96-03064 | John L. & Esther S. Bala vs. Smith Barney, Inc. | 10/10/1997 |
| 95-04247 | John J. & Theresa T. Kavorkian v. Thomas A. Arpante, PaineWebber, Inc., | 11/19/1996 |

## ARBITRATOR BACKGROUND INFORMATION

My professional background consists of educational training and degrees in both law and business administration (with undergraduate concentrations in accounting and finance). I have been actively engaged in the practice of law since 1985. At the outset, I maintained a general practice of law, and thereby gained exposure to a wide range of legal matters. I have represented numerous clients in appearances before every level of state and federal trial and appellate court in Massachusetts, including the Massachusetts Supreme Judicial Court, the U. S. Tax Court, and the U. S. Court of Appeals for the First Circuit.

Since 1990, my professional practice has become increasingly specialized, and is now focused on matters involving state and federal taxation, estate planning and administration, and financial planning and investments. I also engage in a small amount of real estate work, and occasional litigation in all of the above areas and in the area of administrative law. In 1990, in order to supplement my tax practice, I also became a registered securities representative (NASD Series 7 and 63) and began an affiliation as a member of the estate and financial planning professional staff at American Express Financial Advisors, Inc. (formerly IDS Financial Services, Inc.).

In 1991, on behalf of several American Express subsidiaries, I authored a comprehensive 125 page report entitled "Analysis of Compensation Payment Alternatives to Life Annuity Awards under the National Childhood Vaccine Injury Act of 1986" that was submitted together with my oral testimony as an expert witness in the U. S. Claims Court in Washington, D.C. The analysis and proposals set forth in this report were adopted by the Court in fashioning unique remedies for the distribution and management of billions of dollars in federal victim compensation awards under the National Vaccine Injury Compensation Program, 42 U.S.C. 300aa-10 et seq.

In 1993, I transferred my securities licenses and client accounts to Commonwealth Equity Services, Inc., a full-service independent broker/dealer headquartered in the Boston area. As an independent contractor and financial advisor with Commonwealth, I am currently responsible for several dozen individual, retirement, trust and business client accounts under active investment management in stocks, corporate and municipal bonds, options, unit investment trusts, mutual funds, annuities, and federal tax credit limited partnerships. Client brokerage accounts are carried and cleared through the National Financial Services subsidiary of Fidelity Investments.

In 1993, I also began employment at Boston Financial Data Services, Inc. (BFDS). BFDS is the shareholder service and transfer agent for State Street Bank and Trust Company, and is jointly owned by State Street Boston Corporation and DST Systems, Inc. With over U. S. $2.3 trillion in assets under custody, and over U.S. $240 billion in assets under portfolio management, State Street is one of the largest global custodians of financial assets in the world, and one of the largest domestic asset management firms in the United States. At BFDS/State Street, I am currently responsible for providing legal quality control and compliance supervision for multiclass mutual fund administration in an operations group consisting of approximately 400,000 shareholder accounts invested in 76 mutual funds with a market value in excess of U.S. $5.7 billion.

Report ID: NLSS007                                                                                        Case: 04-00361   Arbitrator: A14510

# ARBITRATOR DISCLOSURE REPORT

Arbitrator information, other than the publicly available awards section, below, last amended on 4/13/2004

## ARBITRATOR

| Arb ID | Arbitrator Name | | | Industry/Public |
|---|---|---|---|---|
| A14510 | Mr. Stephen M. Acerra Jr. Esq. | | | Industry Arbitrator |

**City/State/Country**
Boston / MA / USA

## SKILLS IN CONTROVERSY             SKILLS IN SECURITIES

<No Skills Listed>                              <No Skills Listed>

## EMPLOYMENT/EDUCATION

| Begin Date | End Date | Type | Firm/School | Position/Degree |
|---|---|---|---|---|
| 1/1/1980 | 1/1/1984 | Education | Suffolk University Law School | Juris Doctor |
| 1/1/1976 | 1/1/1980 | Education | University of Massachusetts | Bachelor of Business |
| 1/1/1969 | 1/1/1976 | Education | Boston Latin School | Diploma |
| 3/1/2004 | | Employment | National Fiduciary Services, LLC | President & CEO |
| 11/7/1993 | 7/4/2003 | Employment | Boston Financial Data Services | Director |
| 1/1/1993 | | Employment | Commonwealth Equity Services | NASD Broker/Dealer |
| 1/1/1990 | 1/1/1992 | Employment | American Express Financial | NASD Broker/Dealer |
| 1/1/1985 | | Employment | Acerra & Associates | Financial Counsel |

## TRAINING

| Begin Date | End Date | Description | Firm/School | Certification |
|---|---|---|---|---|
| 1/1/1994 | 1/1/1994 | Additional Securities Training | NASD Spring Sec. Conference | NYC |
| 3/19/1996 | 3/19/1996 | Intro Securities Arbitrator Training | NASD | 7 hours BOS |
| 7/2/1997 | 7/2/1997 | Employment Law Training | NASD | 4 hours BOS |
| 7/9/1997 | 7/9/1997 | Employment Law Training | NASD | 4 hours NYC |
| 5/19/2000 | 5/19/2000 | New Chairperson Training [NASD] | NASD | 11 HRS BOS |
| 9/1/2000 | 9/1/2000 | Non-Securities Related Training | Harvard Law Sch/DR Program(PIL) | - |

## DISCLOSURE/CONFLICT INFORMATION

| Type/Sub-Type | Description |
|---|---|
| Family Member has relationship with | Spouse works for: Putnam Investments |
| Has/Had an account with | Commonwealth Equity Services, Inc. |
| Has/Had an account with | Putnam, Fidelity and Dreyfus Mutual Fund Companies |
| Holds Securities License(s) | Series 7 and 63 |
| Is a member of | Justinian Law Society of Massachusetts, Inc. |
| Member of Bar Association | American Bar Association |
| Member of Bar Association | Boston Bar Association & Boston Estate Planning |
| Member of Bar Association | Massachusetts Bar Association |
| Was/is Expert Witness for | For American Express Financial Advisors, Inc. 1991 |

## PUBLICLY AVAILABLE AWARDS

| Case ID | Case Name | Closed Date |
|---|---|---|

Staff ID: SEARCHWN         Page 23 of 35         Publicly available awards section, above, current as of 4/12/2004

Corrigan & Levy LLP | Boston

about   contact   | bios |



Jeff Levy is an experienced commercial litigator whose practice emphasizes the law of competition, including protection of trade secrets, drafting and enforcement of non-compete agreements, and claims of unfair trade practices. His clients include high technology companies, traditional manufacturing businesses, financial services companies, and individuals.

Mr. Levy has also served as a mediator in numerous cases and has completed the mediation training required for certification pursuant to Mass. General Laws chapter 233, §23C. He also serves as an arbitrator on the National Association of Securities Dealers ("NASD") panel of neutrals. Examples of Mr. Levy's recent cases include:

- An NASD arbitration in which Mr. Levy's client, a national discount brokerage firm, alleged a competitor had "raided" one of its branch offices, hiring away employees and taking confidential customer information. Mr. Levy's client prevailed after a twelve day hearing, obtaining one of the largest awards of money damages in a raiding case in NASD history.

- A lawsuit in which Mr. Levy's client, a senior technology analyst, was sued by his former employer to enforce a non-compete agreement after the analyst formed his own consulting firm. Mr. Levy successfully opposed the employer's motion for a preliminary injunction, after which the employer dropped the lawsuit.

- An arbitration involving claims that Mr. Levy's client, a consulting firm, had botched the implementation of an Enterprise Resource Planning ("ERP") software package at a large manufacturing company. Mr. Levy and his partner successfully defended the consulting firm during a seven day hearing in Houston.

- A dispute in which Mr. Levy's client, a California software developer, was sued in federal court by a dissatisfied customer seeking millions of dollars in damages. Mr. Levy successfully moved to dismiss two of the plaintiff's four claims, significantly

reducing his client's exposure. The remaining claims were settled after mediation.

Mr. Levy began his career as a litigation associate at Nutter, McClennen & Fish in Boston, and has worked at law firms in Boston and Minneapolis. Immediately prior to forming Corrigan & Levy LLP, he was a partner at Donnelly, Conroy & Gelhaar, LLP in Boston. He is a graduate of Carleton College and the University of Minnesota Law School, where he was an editor of the Minnesota Law Review. Following law school, Mr. Levy served as a law clerk to the Honorable Gerald W. Heaney of the United States Court of Appeals for the Eighth Circuit. He is admitted to practice in the state and federal courts of Massachusetts and Minnesota.

Contact jeff@corriganlevy.com

Exhibit B

12. Claimant sets forth in his statement of claim (attached hereto as Exhibit 3) that Respondent recommended and purchased during the period September 20, 1999 to and including April 4, 2002 the following securities which he claims were unsuitable:

| Security | Loss |
|---|---|
| Ask Jeeves, Inc. | $6,428.13 |
| ELOT, Inc | $16,687.50 |
| EntreMed | $11,212.50 |
| Focus Enhancements | $3,033.44 |
| H Power | $4,315.00 |
| IXL Enterprises | $10,389.99 |
| Intasys Corp. | $19,257.81 |
| VA Linux Systems, Inc | $38,372.50 |
| SLI, Inc. | $2,343.75 |
| Intellidata | $20,860.59 |

Or a total of $132,891.21

13. Claimant did not introduce evidence on Ask Jeeves, Inc, Focus Enhancements and IXL leaving total losses proved of $113,039.65.

14. Claimant's chalks showing his investment holdings on 9/20/99, 12/31/99, 6/30/00, 12/30/00, 6/30/01 and 4/4/02, which were admitted as demonstrative evidence are attached as Exhibit 4.

15. Claimant's expert John Kattar testified as to his qualifications and to the methodology to determine whether the stocks were appropriate investments for Claimant:

> "Q—Please tell us your educational background after high school.
>
> A—I have—I graduated from the University of Massachusetts with a bachelor of arts degree and then went on to get a masters in electrical engineering, also from the same institution.

3

Q—When did you, forgive me for interrupting, when did you get your bachelor's degree?
A—1978.
Q—And what was your major course of study?
A—It was in classical languages.
Q—And your masters?
A—First masters was in electrical engineering and I believe that was in 1982 and MBA—Masters in Business Administration was from the University of Chicago. And that was in 1988.
Q—Did you graduate from any of these institutions with honors?
A—Ah Yes, all of them.

\* \* \*

Q—Ah, Please give us a brief employment history after you received your MBA?
A—I worked for 9 years at Baring Asset Management as a an analyst and portfolio manager.
Q—Where was that?
A—In Boston.
\* \* \*
A—I was responsible for managing money mostly for large pension plans, some individuals, and half domestic and half international clients
Q—And you left Baring Asset Management, why did you leave?
A—Better job, more money—went to work for Phoenix Investment Partners which is a mutual fund, mostly mutual fund money manager, in Hartford, Connecticut and there headed up the investment team and was there for 2 years.

4

Q—And did you leave?

A—Yes.

Q—Why did you leave?

A—Again left for a better opportunity but more so for personal reasons. I needed to return to the Boston area for personal reasons.

Q—And with whom did you work?

A—I was then employed at the Boston Company Asset Management for 2 ½ years as head of their equity group.

Q—And what were your duties there?

A—Uh, I managed a group of about 30 investment professionals and we managed about 15 B{M?}illion Dollars. So I had administrative responsibilities as well as investment management responsibilities.

Q—With respect---Did you leave that job?

A—Sort of , I actually went to the parent company of the Boston Company which is Mellon Financial and worked there for an additional 9 months as head of institutional growth equity division and my job was actually financial, to do the business planning for and start up of a separate subsidiary. It was called {unintelligible} Advisors

Q—And after that what did you?

A—-After that I spent about 2 ½ years running my own company which was a an asset management company and also a consulting company. The consulting that I did was for other asset managers in the Boston area among them was Eastern Bank, my current employer.

Q—And for whom did you manage assets when you had your own firm?

A—All individuals it was all high net worth

5

Q—So you are in a position to determine suitability of investments for those high net worth individuals?

A—yes,

Q—And then you said you went to work for Eastern Bank. Can you tell us what you do?

A—I head up the investment team at Eastern Investment Advisers. This is a division of Eastern Bank, which is the largest remaining bank in Boston, based in Boston. We manage $1.2 Billion, mostly for individuals. About 20% of our business is for charitable organizations and small institutions.

Q—So would you be in a position to determine suitability of investments for individuals?

A—Yes.

* * *

Q—Have you examined the needs of Claimant, Mr. Dennis?

A—Yes.

* * *

A. . . I am a chartered financial analyst and I, aside from my other responsibilities, I am vice chairman of the investment committee for the endowment of the University of Massachusetts

* * *

What criteria, you asked, I used to determine suitability. I was specifically asked to evaluate certain stocks as to their speculative nature and the criteria that I used to evaluate that were some of the following. I looked at financial strength. That would include things like the nature of the balance sheet, assets versus liabilities, cash, the amount of debt on the balance sheet, cash burn rate, cash flow, book

6

value, dividends, the size of the company as, all else being equal, bigger companies tend to be less speculative; debt rating if available, inclusion in the market indexes (a companies included in a major index generally tend to be less speculative) I also look at valuation, price-earnings ratios, price to book, and price value. To the extent that I know something about the management or the prospects for a company, I include that in the evaluation. So, the companies that are better managed are less speculative {unintelligible}. And finally I look at the operating history of the company and its growth rate, so specifically what I look at is earnings growth and revenue growth and the idea there would be that companies, which have been more stable and have better operating history, would be less speculative. Some companies which have exhibited a pattern of growth and profit over a period of time would be more stable and less speculative."

16. Mr. Kattar then testified as to the suitability Mr. Dennis's investments to his needs.

17. ELOT, Inc.

"I don't have any information on it"

18. On information and belief the only possible inference is that this was a stock of little visibility, folded and therefore inappropriate.

19. Entremed

"I call this speculative and inappropriate"

20. H Power

"a company that no longer exists"

7

21. On information and belief the only possible inference is that this was a stock of little visibility, folded and therefore inappropriate.

22. Intasys

"speculative and inappropriate for most portfolios and certainly this one"

23. VA Linux Systems

"I would say it is speculative and inappropriate for most portfolios and certainly this one."

24. SLI, Inc.

"I could nor find anything on it {unintelligible}"

25. On information and belief the only possible inference is that this was a stock of little visibility, folded and therefore inappropriate.

26. Intellidata

"I don't have any information"

27. On information and belief the only possible inference is that this was a stock of little visibility, folded and therefore inappropriate.

28. There is a great concentration of these stocks in the portfolio of Mr. Dennis's retirement account as shown on Exhibit 4.

29. Respondent did not have an expert testify that the above stocks were suitable for his account; there is therefore no evidence to rebut the expert testimony of Mr.. Kattar.

30. Respondent's employee, also a respondent in the arbitration merely testified that the above stocks were "growth stocks."