UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
JOHN DENNIS,                    )
       Plaintiff,               )
                                )   Civ, A. No. 05-CV-11270-GAO
vs.                             )
                                )
WACHOVIA SECURITIES, LLC,       )
       Defendant.               )
                                )
_____)
```

FILED IN CLERKS OFFICE

2005 NOV -8 A 10: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
### TO
### FILE SURREPLY

Plaintiff, John Dennis ("Plaintiff") opposes Defendant ("Defendant"), Wachovia Securities, LLC's. motion for leave to file Surreply because such motion is untimely. A copy was mailed and did not reach Plaintiff's counsel until November 3, 2005 less than a week prior to the scheduled hearing, not giving Plaintiff sufficient time to respond.

In the event that the Court grants Defendant leave to file a surreply, however, Plaintiff requests it consider the following.

The surreply suggests that the "Arbitration Award must be confirmed if there is even a barely colorable justification for the outcome reached." Surreply p. 5. This is not the case and the case and quote cited by Defendant even refute that position. The law in this Circuit is clear that the proper inquiry for a court in this case is whether (1) the arbitrators recognized the applicable law and (2) whether they ignored the applicable law. Advest v. McCarthy, 914 F, 2d 9 (1st Cir. 1990). The fact that the arbitrators, in the

1

matter in which Plaintiff seeks relief, recognized the law and it was ignored is set forth in Plaintiff's Opposition dated August 8, 2005 at pages 4-7.

The case at bar involves *solely* the issue of whether certain investments made by Defendant were "suitable" to Plaintiff's needs pursuant to NASD Rule 2310.

Defendant complains about the lack of a record, but Defendant has had access to the taped record of the hearings as well as Plaintiff and chose, apparently on purpose, not to use it. Defendant ignores the record because it clearly shows that evidence of unsuitability, the only issue in the arbitration, was introduced by Plaintiff's expert. Defendant did not introduce one scintilla of evidence to rebut such evidence. In fact Defendant introduced no evidence that such the investments made were suitable. This is not disputed by Defendant in its motion.

Defendant then attempts to justify the arbitrators' decision with an exculpatory letter ("Exculpatory Letter") prepared by Defendant for Plaintiff's signature. In the letter, Defendant attempts to exculpate Defendant from excessive activity and commissions. Plaintiff does not complain about excessive activity or commissions in the case at bar. The Exculpatory Letter then goes on to say that Plaintiff's objective was short-term trading. Plaintiff and Defendant never engaged in short term trading and, of course, Plaintiff makes no complaint therefor. Plaintiff's complaint on appeal is *solely* that the investments Defendant made for him were not "suitable." This is a subject not addressed in the Exculpatory Letter. Even more important, the Exculpatory Letter, which speaks of past conduct, is dated May 2, 2002. Most of the conduct of which Plaintiff complains occurred *after* that date. The Exculpatory Letter thus has no bearing on the case at bar.

2

The section of the proposed surreply which deals with indispensable parties adds nothing to Defendant's original motion to dismiss.

Respectfully submitted,

JOHN DENNIS,
by his attorneys,
LYNE, WOODWORTH & EVARTS LLP

*Edmund Polubinski*

Edmund Polubinski, Jr., of counsel
BBO #402640
600 Atlantic Avenue
Boston, MA 02210
(617) 523-6655

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served all parties this day by causing a copy of the foregoing to be mailed to Deborah G. Evans, Michaels & Ward. LLP, One Liberty Square, Boston, MA 02109.

Dated: November 8, 2005

*Edmund Polubinski, Jr.*

3